■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN GARCIA, Appellant. [995 NYS2d 500]—An appeal having been taken to this Court by the above-named appellant from a judgment of the Supreme Court, New York County (Charles Solomon, J.), rendered on or about February 10, 2011, said appeal having been argued by counsel for the respective parties, due deliberation having been had thereon, and finding the sentence not excessive, it is unanimously ordered that the judgment so appealed from be and the same is hereby affirmed. Concur—Friedman, J.P., Renwick, Manzanet-Daniels, Feinman and Kapnick, JJ.

■ REGINALD RANDOLPH, Appellant, v RITE AID OF NEW YORK, INC., Respondent, et al., Defendant. [994 NYS2d 345]—

Order, Supreme Court, Bronx County (Sharon A.M. Aarons, J.), entered on or about January 8, 2013, which granted defendant Rite Aid of New York, Inc.'s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action seeking recovery for personal injuries, plaintiff alleges that on October 13, 2004, after being caught shoplifting at one of defendant's stores in Manhattan, he was assaulted by a security guard. Plaintiff's first cause of action, the only one at issue on appeal, asserts that defendant's employees were directly negligent in failing to protect him from the security guard, who was armed with a baseball bat, and that defendant is vicariously liable for its employees' negligence. There is no indication that the alleged assault by the security guard, who had no history of violence, was foreseeable (*N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 252 [2002]). Accordingly, the duty to protect was not triggered. Absent an opportunity and duty to protect, there can be no liability for negligence (*id.* at 253-255). Concur—Renwick, J.P., Manzanet-Daniels, Feinman and Kapnick, JJ.